**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ETHAN BOOK, | : | |
| Plaintiff, | : | CIVIL CASE NO. |
| | : | 3:20-CV-01381 (JCH) |
| v. | : | |
| | : | |
| MARK A. LAURETTI, ET AL., | : | |
| Defendant. | : | MAY 18, 2023 |
| | : | |

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. NO. 52) AND**
**RELATED MOTIONS (DOC. NOS. 50, 54, 56, 59 & 61)**

## I.      INTRODUCTION

Before the court is plaintiff Ethan Book ("Book")'s Motion requesting that this court either reconsider or, in the alternative, grant relief from the judgment of its October 3rd, 2022 Ruling granting summary judgment in favor of the defendants, Mark A. Lauretti, Shawn Sequeira, John D. Bashar and the City of Shelton (collectively, "the defendants").  See Plaintiff's Motion for Reconsideration of Ruling Granting Motion for Summary Judgment ("Pl.'s MTR") (Doc. No. 52); Plaintiff's Motion for Leave to File Motion for Reconsideration of Court Ruling to Grant Defendants' Motion for Summary Judgment and to Reopen Judgment ("Pl.'s Mot. for Leave to File MTR") (Doc. No. 50); see also Plaintiff's Supplement to his Motion for Reconsideration of Court Ruling to Grant Defendants' Motion for Summary Judgment ("Pl.'s MTR Supp.") (Doc. No. 60); Plaintiff's Motion for Leave to Present a Supplement to his Motion for Reconsideration of Court Ruling to Grant Defendants' Motion for Summary Judgment (Doc. No. 59).  The defendants oppose this Motion.  See Defendants' Objection to Motion for Leave to File Late Motion for Reconsideration ("Defs.' Opp. pt. I") (Doc. No. 55); see also Plaintiff's

1

Reply to Defendants' Objection to Motion for Leave to File ("Pl.'s Reply") (Doc. No. 57); Defendants' Reply to Doc Nos. 56–61 (Defs.' Opp. Pt. II") (Doc. No. 62).[1]

For the reasons that follow, this court denies Book's Motion for Reconsideration (Doc. No. 52).

## II.   BACKGROUND

The court presumes familiarity with the facts of this case as discussed in its Ruling granting the defendants' Motion for Summary Judgment and does not reiterate them here.  <u>See</u> Ruling on Defendants' Motion for Summary Judgment ("MSJ Ruling") (Doc. No. 43).

This court granted summary judgment in favor of the defendants on October 3, 2022.  <u>Id.</u> at 1, 26.  On November 2, 2022, the court granted the Motion by Book's counsel, John R. Williams, to withdraw from this case.  <u>See</u> Text Order (Doc. No. 53). Book gave notice of his appearance as a <u>pro se</u> plaintiff on October 28, 2022, and he is now self-represented.  <u>See</u> Appearance of Self Represented Party (Doc. No. 49).

Book filed his Motion for Reconsideration on October 31, 2022, and he filed a Supplement to that Motion on December 12 (hereinafter collectively referred to as Book's "Motion").  <u>See</u> Pl.'s Mot. for Leave to File MTR at 1; Pl.'s  MTR Supp. at 1.  The defendants filed objections to both, arguing, <u>inter</u> <u>alia</u>, that Book is not entitled to any of the relief he seeks.  <u>See generally</u> Defs.' Opp. pt. I; Defs.' Opp. pt. II.

For the reasons discussed below, Book's Motion (Doc. No. 52) is denied.

---

[1] Book has also filed several related Motions.  <u>See</u> Plaintiff's Motion to Seal Portions of Motion for Reconsideration (Doc. No. 54); Plaintiff's Motions to Correct the Record (Doc. Nos. 56, 61).  The court briefly addresses these Motions at the end of this Ruling.

III.    **LEGAL STANDARD**

A.    Local Rule 7(c): Motion for Reconsideration

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also D. Conn. L. Civ. R. 7(c) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order.").

"The major grounds justifying reconsideration are an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, FEDERAL PRACTICE & PROCEDURE § 4478 at 790). A motion for reconsideration generally does not allow the moving party to revisit arguments that have already been presented before the court. See Shrader, 70 F.3d at 257. A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, 684 F.3d 36, 52 (2d Cir. 2012) (quotation marks omitted). Similarly, motions for reconsideration do not allow parties to raise new arguments that could have been made earlier. See Belfiore v. Proctor & Gamble, Co., 140 F. Supp. 3d 241, 244

(E.D.N.Y. 2015) ("[A] party may not introduce new facts or raise new arguments that could have been previously presented to the court.").

      B.    <u>Federal Rule 60(b): Motion for Relief from Judgment</u>

Rule 60(b) of the Federal Rules of Civil Procedure empowers the court to "relieve a party . . . from a final judgment, order, or proceeding" for various reasons. <u>See</u> Fed. R. Civ. P. 60(b).  The enumerated reasons include "mistake, inadvertence, surprise, or excusable neglect," <u>id.</u> at 60(b)(1), and "any other reason that justifies relief," <u>id.</u> at 60(b)(6).  Motions invoking Rule 60(b)(1), (2), or (3) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding," and all other Rule 60(b) motions "must be made within a reasonable time."  <u>Id.</u> at 60(c)(1).

"The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court".  <u>Stevens v. Miller</u>, 676 F.3d 62, 67 (2d Cir. 2012). Because Rule 60(b)(6), in particular, has a "potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief."  <u>Id.</u>; <u>see also</u> <u>Paddington Partners v. Bouchard</u>, 34 F.3d 1132, 1142 (2d Cir. 1994) ("This Circuit has indicated . . . that since 60(b) allows extraordinary judicial relief, it is invoked only if the moving party meets its burden of demonstrating 'exceptional circumstances.'").

## IV.   DISCUSSION

Book's Motion seeks relief under both Local Rule 7(c) and Federal Rule of Civil Procedure 60(b).  <u>See</u> Pl.'s MTR at 1.  Because Book is a <u>pro se</u> litigant, this court "construe[s]" his submissions "liberally" and "interpret[s them] to raise the strongest arguments they suggest".  <u>Triestman v. Fed. Bureau of Prisons</u>, 470 F.3d 471, 474 (2d

Cir. 2006) (internal citations and quotations omitted) (original emphasis omitted).  The

court considers his Motion under both Rule 60(b) and Local Rule 7(c),[2]  but emphasizes

that its analysis and conclusion are the same under both standards.  See, e.g., Levy v.

World Wrestling Ent., Inc., No. 3:08-CV-01289 (PCD), 2009 WL 2382022, at *1 (D.

Conn. July 31, 2009).

     A.    "New" Evidence

Book's first potential source of relief is evidence that this court either overlooked

or that was unavailable to him until after the October 2022 Ruling was rendered.  See

Virgin Atlantic Airways, Ltd., 956 F.2d at 1255.  Between the Motion to Reconsider and

its Supplement, Book has now submitted over six hundred pages' worth of additional

evidence.  Book reasons that, although he "believes that", for summary judgment, "what

his [c]ounsel presented is sufficient", this court "deemed that [Book] presented

insufficient facts."  Pl.'s MTR at 14.  "Thus," Book continues, "the thrust of [his] Motion is

[b]oth to affirm what his [c]ounsel presented, and also to defer to the [c]ourt in

presenting additional facts and arguments."  Id.  Likewise, in his Supplement to his

Motion to Reconsider, Book states that "[t]his [c]ourt may have been correct that the

circumstantial evidence given in [Book]'s Opposition [to the defendants' Motion for

Summary Judgment] may have been weak[, t]hat has now been corrected with

documentary support" through the Motion and the respective exhibits, Pl.'s MTR Supp.

at 36–37, which themselves total more than six hundred pages, see Exhibits 1–12 (Doc.

---

[2] Motions for Reconsideration brought pursuant to Local Rule 7(c) must be "filed and served within seven (7) days of the filing of the decision or order from which such relief is sought".  D. Conn. L. Civ. R. 7(c)1.  Book's Motion was filed more than seven days after this court's Ruling, but the court considers it nonetheless.

No. 52-1); Exhibit 13 (Doc. No. 52-2); Exhibits 14–27 (Doc. No. 52-3); Exhibits (Doc. No. 60-1).

While the court appreciates Book's effort, his Motion fails to satisfy the "strict standard" that governs motions to reconsider.  D. Conn. L. Civ. R. 7(c).  While one ground "justifying reconsideration" is "the availability of new evidence", Virgin Atlantic Airways, Ltd., 956 F.2d at 1255; see also Fed. R. Civ. P. 60(b)(2) (providing, as a ground for relief from a final judgment, "newly discovered evidence that, with reasonable diligence, could not have been discovered" sooner), nearly all of the evidence Book submits with his Motion was not only available to Book and his counsel prior to this court's Ruling—it was in their possession.  See, e.g., Pl.'s MTR at 3–5 (detailing when Book sent his counsel what evidence).

"When arguing for reconsideration based on new evidence, the moving party must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the . . . decision was rendered."  Briese Lichttechnik Vertriebs GmbH v. Langton, No. 09 CIV. 9790 (LTS) (MHD), 2013 WL 498812, at *1 (S.D.N.Y. Feb. 11, 2013) (quoting In re Rezulin Prods. Liab. Litig., 224 F.R.D. 346, 350 (S.D.N.Y.2004)).  This is because, for the purpose of a motion to reconsider, the moving party must present "truly newly discovered" evidence, or evidence that "could not have been found by due diligence."  United States v. Potamkin Cadillac Corp., 697 F.2d 491, 493 (2d Cir. 1983) (quoting Westerly Elecs. Corp. v. Walter Kidde & Co., 367 F.2d 269, 270 (2d Cir. 1966)); see also Kopperl v. Bain, No. 3:09–CV–01754 (CSH), 2016 WL 310719, at *3 (D. Conn. Jan. 26, 2016) ("[N]ewly discovered evidence must not have been available prior to entry of the

6

judgment leading to reconsideration.").  Thus, where a plaintiff moving for reconsideration has failed "to provide a convincing explanation as to why" he "could not have obtained" the pertinent evidence in a timely manner, the court is "not obligated to consider" his "untimely submission," but rather, may deny the motion for reconsideration.  Space Hunters, Inc. v. United States, 500 Fed. Appx. 76, 81–82 (2d Cir. 2012) (summary order).

The court therefore will not consider any of Book's "additional evidence" to the extent that it was either already within his possession or was available to him before this court's Ruling on October 3, 2022, and therefore does not satisfy Local Rule 7(c)'s "strict" standards meriting reconsideration of a judgment.  Further, given that Book was aware of all of this newly-presented evidence, it is clear that he cannot demonstrate "mistake, inadvertence, surprise, or excusable neglect[.]"  Fed. R. Civ. P. 60(b)(1).

In his Supplement, Book provides "portions of a certified transcript" of one of the FOIC hearings.  See Pl.'s MTR Supp. at 6.  This transcript was apparently prepared on November 17, 2022, id., but Book does not claim, let alone demonstrate, that he could not have obtained the information sooner.  Indeed, he attended the aforementioned FOIC hearing in February 2019—three years before this court rendered its Ruling.  Id. This evidence therefore does not qualify as "new evidence" meriting this court's review.

Book further cites the fact that he "declined to seek the Republican nomination for State Rep[resentative] in 2022 for reasons including that, without any significant change of circumstances, such an attempt in the spiked setting in which he has been operating would be futile."  Id. at 29.  Again, however, Book does not provide the court with necessary information, namely the date by which a nomination needed to have

7

been sought.  Book further claims that he "declined to publish" information on his opponent, Rosario's, "recent scandal", presumably for similar reasons.  Id.  This claim, however, likewise lacks a date on which he may have done so.  Even if the preceding "revelations" were made after this court's Ruling, however, Book's decisions relating to publication and political nominations may have been formed before this court's Ruling. In the absence of evidence to demonstrate this evidence was "truly newly discovered," Potamkin Cadillac Corp., 697 F.2d at 493, Book's reference to those decisions fails to satisfy the reconsideration standard.[3]

Finally, Book claims to have presented the court with three additional sources of "new evidence": (1) the fact that the FOIC "has yet to schedule a hearing on his December 2020 FOIA request for access to election records; (2) defendant Bashar's Facebook page, wherein Bashar claims to have been Administrative Assistant to Shelton's Mayor from 2015 to 2020 and, on another place on the same page, from 2015 to 2022; and (3) the fact that "the [d]efendants have yet  failed to comply with the Settlement Agreement voluntarily entered into on Dec[ember] 2, 2019" related to a prior FOIA action, or to the related request presented on April 18, 2022".  Pl.'s MTR Supp. at 30.  None of these pieces of "new evidence" satisfy the strict standard warranting reconsideration of Book's case.

Beginning with the first and third sources of Book's alleged new evidence, the court sees no reason why this evidence could not have been worked into his arguments opposing summary judgment before this court's Ruling.  Book claims that defendants

---

[3] The court does note, however, that even if the court did consider these two pieces of evidence, the Ruling would not change.  Book's First Amendment claim would still fail for lack evidence supporting a reasonable juror's finding of retaliatory intent.  See Ruling at 21.

had, "as of the writing" of Book's Supplement to his Motion to Reconsider, "yet" failed to comply with a settlement agreement that predates this court's October 2022 Ruling and to respond to another FOI request made four months earlier.  Id.  This evidence was known to Book, and the court fails to see why this information was not or could not have been presented when Book opposed the summary judgment motion.  These are not examples of "new evidence."

Book's claim that he found Bashar's Facebook page "[j]ust days" before December 12, 2022, the date he filed the Supplement to his Motion to Reconsider, id. at 30, 1, fails to satisfy the reconsideration standard as well.  Book did not claim that the Facebook page was unavailable prior to this court's Ruling, that the information on the page was materially new, or that there was some reason explaining Book's failure to discover the page sooner.

Because the evidence Book offers was previously available to him, this evidence is insufficient to satisfy the standard governing motions for reconsideration. See Rafter v. Liddle, 288 F. App'x 768, 769 (2d Cir. 2008).  Motions for reconsideration "are not vehicles for taking a second bite at the apple . . . and [the court should] not consider facts not in the record to be facts that [it] overlooked."  Id.; see also In re Deutsche Bank AG Securities Litigation, No. 09-CV-1714, 2013 WL 12316343, at *2 (S.D.N.Y. May 15, 2013) ("All of the proposed evidence was available prior to the filing of the Clerk's Judgment on August 17, 2012, however, an important fact that precludes the Court from concluding that it was 'new' or 'newly discovered.'").

Therefore, the court concludes that Book has presented in support of his Motion no "new evidence" as grounds to reconsider its Ruling under Local Rule 7(c) or Rule 60(b).

B.    Attorney Error

Book's next argument for why this court should revisit its October 2022 Ruling is attorney error.  He argues that his prior counsel erred in several ways, not the least of which, Book claims, is his counsel's failure to present Book's evidence on the record to the court.  Book asserts that he is entitled to have the judgment revisited.  See Pl.'s MTR Supp. at 31–32 ("broad[ly] summar[izing]" counsel's "deficiencies" as a "lack of zealous advocacy and a lack of effective communication" and providing a list of seven "[s]pecific errors" committed).  Book states that, "while [he] has been pleased at various steps that his legal counsel has [taken] in this action, including an Opposition to Def[endants'] Motion for Summary Judgment . . . , he also observes some areas in which he perceives attorney error."  Pl.'s MTR at 11.  Book cites, for example, his counsel's decision to draft "the Amended Complaint focusing on only two of the [four total] FOIA requests" and states that, when questioned, his counsel told him "that the two specific matters raised would not preclude litigating the other two."  Id.  Book also claims that he wanted to file a sur-reply to the Motion for Summary Judgment, but that his counsel told him that this court "does not allow sur-replies" and that, although Book was "unsure of that position[, he] deemed it best to defer to his [c]ounsel's discretion."  Pl.'s MTR at 5.  Book argues that, because he now "deems [that] his [c]ounsel erred[, ]

this situation opens the door to reconsideration to prevent manifest injustice." [4]  Id. at 6.
The court disagrees.

This Circuit  "very rarely" grants relief under Rule 60(b) "for cases of alleged
attorney error or misconduct."  Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004)
(internal citation omitted) (emphasis in original) (discussing Fed. R. Civ. P. 60(b)(6));
see also Gomez v. City of New York, 805 F.3d 419, 423 (2d Cir. 2015) (recognizing that
"courts are generally reluctant to recognize attorney error as a basis for relief from an
order or judgment" under Rules 59(e) and 60(b)).  In fact, the Second Circuit has
"consistently declined to relieve a client [under 60(b)] of the 'burdens of a final judgment
entered against him due to the mistake or omission of his attorney'", for example, "'by
reason of the latter's ignorance of the law or other rules of the court, or his inability to
efficiently manage his caseload.'"  Nemaizer v. Baker, 793 F.2d 58, 62 (2d Cir. 1986)
(quoting United States v. Cirami, 535 F.2d 736, 739 (2d Cir. 1976)) (discussing Fed. R.
Civ. P. 60(b)(1)).  This is because a party who

> "voluntarily chose [his] attorney as his representative in [an] action cannot
> avoid the consequences of the acts or omissions of this freely selected
> agent. . . .  Any other notion would be wholly inconsistent with our system
> of representative litigation, in which each party is deemed bound by the acts
> of his lawyer-agent and is considered to have 'notice of all facts, notice of
> which can be charged upon the attorney.'"

Link v. Wabash R. Co., 370 U.S. 626, 633–34 (1962) (quoting Smith v. Ayer, 101 U.S.
320, 326 (1879)).  Thus, to qualify for relief, "a lawyer's failures must be so egregious
and profound that they amount to the abandonment of the client's case altogether,

---

[4] The argument that failure to reconsider a Ruling would result in a "manifest injustice" can trigger
relief.  See Virgin Atlantic Airways, Ltd., 956 F.2d at 1255 (reconsideration can be granted to "prevent
manifest injustice"); see also Fed. R. Civ. P. 60(b)(6) (providing relief from judgment for "any other reason
that justifies relief.").

either through physical disappearance, . . . or constructive disappearance."  Harris, 367 F.3d at 81 (cleaned up; internal citations omitted).

From Book's description, his prior counsel's errors are far from "egregious" or "profound", and these errors do not warrant this court reconsidering or granting relief from its Ruling.  By his own admission, Book was "pleased at various steps that his legal counsel has done in this action".  Pl.'s MTR at 11.  Indeed, Book continues to "believe[ ] that what his [c]ounsel presented" for summary judgment "is sufficient", id. at 14, but for this court's Ruling in the defendants' favor.  That he disagrees with this court's Ruling is not a ground for reconsideration.

The court, therefore, declines to reconsider its Ruling on this basis.

C.     Miscellaneous Arguments for Relief

In addition to the provision of a prodigious amount of alleged evidence, Book's Motion includes many arguments revisiting the merits of his original claims.  For example, Book argues that the court should find Defendant Sequeira was personally liable, Pl.'s MTR Supp. at 38, though his counselled Opposition Memorandum had conceded that "there is no evidence linking Sequeira personally to these matters, and accordingly his motion [for summary judgment] may be granted by agreement", Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment at 5 (Doc. No. 41).  He similarly argues that previously conceded or abandoned claims should be resurrected, such as his substantive and procedural due process claims, Pl.'s MTR Supp. at 38, 45–47, and challenges the court's conclusion that his Amended Complaint's mention of "garden variety emotional distress" was a form of injury rather than a cause of action, id. at 49–52; see also MSJ Ruling at 2 n.1.

None of these arguments provide the court with a legal basis to reconsider or change its Ruling.

"Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." Fan v. United States, 710 F. App'x 23, 24 (2d Cir. 2018).  In the absence of a qualifying reason, "a party may not introduce new facts or raise new arguments that could have been previously presented to the court." Belfiore v. Proctor & Gamble, Co., 140 F. Supp. 3d 241, 245 (E.D.N.Y. 2015).

Book's arguments are insufficient because Book has not provided the court with a qualifying reason to re-engage with the merits of his case.  He has identified no "new" evidence under Rule 60(b) to warrant any reconsideration of the October 2022 Ruling. Nor has Book alleged sufficiently egregious conduct by his prior counsel to convince this court that it would be manifestly unjust for him bear the "consequences of the acts or omissions of this freely selected [counsel]." Hoodho v. Holder, 558 F.3d 184, 192 (quoting Link, 370 U.S. at 633–34).  Moreover, Book's Motion fails to "point to controlling decisions or data that the court overlooked . . . that might reasonably be expected to alter the conclusion reached by the court." Shrader, 70 F.3d at 257.

Finally, and perhaps most importantly, this court's Ruling granting summary judgment in favor of the defendants was, at its core, compelled by a lack of evidence to support a reasonable juror's finding in Book's favor.  See MSJ Ruling at 12, 14, 20–25. The court has considered Book's Motion and concludes that there is no legal basis under Local Rule 7(c), nor Federal Rule of Civil Procedure 60(b), permitting Book to now seek to "correct[ the prior lack of record evidence] with documentary support".  Pl.'s MTR Supp. at 36–37.

Book therefore fails to meet the "strict" standard required for reconsideration, and his Motion (Doc. No. 52) is denied.

**V.      CONCLUSION**

For the foregoing reasons, Book's Plaintiff's Motion for Reconsideration of Ruling Granting Motion for Summary Judgment (Doc. No. 52) is denied.  The court grants Book's Motions to Correct the Record (Doc. Nos. 56 & 61) and his Motion to Seal (Doc. No. 54) the final two photo pages of Exhibit 24.  Book's Motions seeking leave to file his Motions to Reconsider and Supplement (Doc. Nos. 50 & 59) are granted in light of this Ruling.


**SO ORDERED.**

Dated at New Haven, Connecticut this 18th day of May 2023.


_____/s/ Janet C. Hall_____
Janet C. Hall
United States District Judge